IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELVIN WAYNE MURRAY         *

Plaintiff                    *

v                            *   Civil Action No. RDB-10-154
                                 (Consolidated Case: RDB-10-178)
KATHLEEN GREEN, et al.       *

Defendants                   *
                            ***

## MEMORANDUM OPINION

Pending are Defendants' Motions to Dismiss or for Summary Judgment. ECF No. 12 and 28. Plaintiff opposes the motions. ECF No. 14 and 30. Also pending is Plaintiff's Motion for Appointment of Counsel. ECF No. 31. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow Defendants' motions, construed as Motions for Summary Judgment, shall be granted, and Plaintiff's Motion for Appointment of Counsel shall be denied.

### Appointment of Counsel

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court*,

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

Plaintiff alleges he suffered side effects from a psychotropic medication which were not treated appropriately. ECF No. 1. Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated and no hearing is necessary to the disposition of this case. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1).

## Background

Plaintiff's claim against Defendant Warden Green involves her failure to appropriately respond to the Administrative Remedy Procedure requests (ARPs) he filed regarding the failure of medical staff to provide him with medication. ECF No. 1. He claims he was given Resperidol, an anti-psychotic medication, resulting in uncontrolled, excessive blinking as well as uncontrolled movement or his mouth, slurred speech, discomfort and disfigurement. *Id.* at Att. 1, p. 8. In ARPs filed by Plaintiff he states the medication he was given to control the side effects was discontinued on several occasions when the prescription ran out and sick call slips requesting refills went unanswered. *Id.* at pp. 9—10. Plaintiff states the side effects are painful and worsened without the prescribed medication.

His claim against Defendant Nurse Hixon is that she did not treat his complaints regarding the side effects appropriately. ECF No. 15. Specifically Plaintiff states that on January 15, 2009, he submitted a sick call slip describing the side effects he was suffering.

Hixon saw Plaintiff on January 18, 2009, and treated him with "an uprescribed (sic), stock medication; aqua tear drops." *Id.* at p. 4. Plaintiff claims that Hixon told him he would be referred for further treatment, but she did not order a follow-up visit and did not provide any further treatment. *Id., see also* Ex. 1—4.

Green alleges she is not responsible for Plaintiff's medical care and relied on the expertise of the medical staff. ECF No. 12. Additionally, she notes that the Inmate Grievance Office (IGO) declined to hear Plaintiff's claim regarding the matter as it has determined that claims against the private medical care contractor are not within the scope of its intended statutory scheme. *Id.* at p. 6 *citing Adamson v. Correctional Medical Services, Inc.*, 359 Md. 238, 250, 753 A. 2d 501, __ (Md. 1991).

Hixson states she provided constitutionally adequate care to Plaintiff for his complaint and is not responsible for any alleged failure by psychiatric staff to follow up on his care. ECF No. 28. She provides medical records documenting that Plaintiff's uncontrollable blinking and eye irritation were monitored, evaluated, and treated. Hixson maintains that Plaintiff was referred to the Mental Health Department for evaluation as to whether the psychiatric medication was causing the problem and explains that psychiatric staff are employed by a different health care contractor. Consequently mental health staff are not subject to the supervision of her employer, Correctional Medical Services.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

3

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *DeLonta v. Angelone*, 330 F. 3d 630, 633 (4th

4

Cir. 2003), *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839- 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) *quoting Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383,

390 (4th Cir. 2000), *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Defendant Hixon was informed by Plaintiff that he could not control excessive blinking and that his eyes were irritated. She responded by providing him with eye drops designed to alleviate irritation to the eyes and wrote a referral for him to be seen by psychiatric staff. None of the medical records submitted indicate that Plaintiff complained of pain accompanying the side effects. Thus, the actions taken by Hixon were reasonable in light of what she knew at the time she acted. Although Plaintiff claims in his Opposition that it took four months for Hixon to respond to his concern (ECF No. 30 at p. 2), he admits in his Complaint that he was seen three days after his initial complaint on January 15, 2008 (ECF No. 19 at Ex. 1). A three-day delay is not unreasonable under the circumstances. The care provided to Plaintiff by Hixon was constitutionally adequate and she is entitled to summary judgment in her favor.

Section 1983 liability on the part of a supervisor, such as Defendant Warden Green, requires a showing that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) the supervisory defendants tacitly authorized or was indifferent to the prison physicians' constitutional violations. *See Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990) *see also Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984).

In support of his claim against Green, Plaintiff states that she was informed of his situation on numerous occasions. ECF No. 30. He states his ARPs were not considered by Green and concerned more than just the side effects of the medication. He claims he was forced through threats to take the medication, Resperidol, which resulted in the side effects described.

6

*Id.* at p. 4. Thus, he claims her liability is based first on allowing Plaintiff to be threatened in order to force him to take the medication that caused serious side effects and, afterwards, on allowing Plaintiff to suffer in pain with the side effects. *Id.* at p.5. The claim regarding forced medication is not mentioned in the Complaint and no details have been provided regarding the threats made, who made them, and when and how they were made. Plaintiff cannot simply manufacture a factual dispute by adding at this late juncture. Even if the threats were made, Plaintiff simply seeks to hold Green responsible because it happened while he was "under her authority." This is the very essence of the doctrine of respondeat superior, which has no place in 1983 litigation. Defendant Green is entitled to summary judgment in her favor.

Accordingly, a separate Order shall be entered granting the pending dispositive motions and closing these consolidated cases.

_February 11, 2011_
Date

_Richard D. Bennett_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE